**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **Sterett Companies, LLC, *et al.*[1]** | **CASE NO. 23-40625 crm**<br>**Chapter 11** |
| **Debtors.** | **Jointly Administered** |

**OBJECTION OF THE U.S. TRUSTEE TO CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND WEBSTER BUSINESS CREDIT, A DIVISION OF WEBSTER BANK, N.A. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Paul A. Randolph, the Acting United States Trustee for Region 8 (hereinafter referred to as the "U.S. Trustee"), through undersigned counsel, herein objects to confirmation of the Amended Joint Chapter 11 Plan proposed by the Official Committee of Unsecured Creditors and Webster Business Credit, a Division of Webster Bank, N.A.[2] under Chapter 11 of the Bankruptcy Code (the "Plan") [ Docket No. 541] as follows:

**JURISDICTION**

The Court has jurisdiction to hear and determine this objection under 28 U.S.C. § 157(b)(2),

Section 586(a)(3)(B) of title 28 provides that the U.S. Trustee shall, whenever the U.S. Trustee considers it to be appropriate, monitor plans and disclosure statements filed in cases under chapter 11 and file with the court comments with respect to such plans and disclosure statements.

---

1 The Debtors in these chapter 11 cases are Sterett Companies, LLC (Case No. 23- 40625); Sterett Equipment Company, LLC (Case No. 23-40627); Sterett Heavy Hauling, LLC (Case No. 23-40628); and Sterett Crane and Rigging LLC (Case No. 23-40626) and are collectively referred to herein as the "Debtors."

2 Referred to herein as the "Lenders."

Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this objection.

## **RELEVANT BACKGROUND**

Sterett Companies, LLC and its affiliated debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the Western District of Kentucky on October 27, 2023 (the "Petition Date").

On December 5, 2023, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 66].

On March 1, 2024, the Debtors filed their Joint Plan of Chapter 11 Reorganization [Docket No. 221] and Disclosure Statement [Docket No. 222]. The Plan and Disclosure Statement were withdrawn by the Debtors on May 10, 2024.

On June 7, 2024, the Committee and Lenders filed a Joint Chapter 11 Plan [Docket No. 393].

On October 9, 2024, the Committee and Lenders filed an Amended Joint Chapter 11 Plan [Docket No. 481] and Disclosure Statement [Docket No. 482].

On October 11, 2024, the Court scheduled the hearing for approval of the Disclosure Statement for November 19, 2024. The hearing was rescheduled by the Court to December 3, 2024.

On November 8, 2024, the U.S. Trustee filed an objection to the adequacy of the Disclosure Statement. The Committee and Lenders each filed a reply to the objection [Docket Nos. 545 & 546].

On November 26, 2024, the Committee and Lenders filed an Amended Disclosure

Statement [ Docket No. 540] and the Solicitation Version of the Plan [Docket No. 541].

On December 5, 2024, the Court entered an Order approving the Amended Disclosure Statement [Docket No. 554].

## OBJECTION

A chapter 11 plan may only be confirmed when the plan proponent has met its burden of proof (by a preponderance of the evidence) on all sixteen (16) requirements of 11 U.S.C. § 1129(a). *In re Western Management Inc.*, 6 B.R. 438 (W.D. KY 2080); *In re American HomePatient, Inc.*, 298 B.R. 152 (Bankr. M.D. Tenn. 2003); *In re Shadow Bay Apartments Ltd.,* 157 B.R. 362 (S.D. Ohio 1993).

Specifically, section 1129(a)(1) of the Bankruptcy Code provides that the Court shall confirm a plan only if the plan "complies with the applicable provisions of" title 11. 11 U.S.C. § 1129(a)(1).  For the following reasons, the Plan violates section 1129(a)(1) and thus cannot be confirmed in its present form.

### A. *The Plan cannot be confirmed because it provides for impermissible exculpation.*

To the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e),[3] the Plan, if confirmed, will provide a myriad of non-estate fiduciaries with impermissibly broad exculpation. The Court should reject the Plan's exculpation provision because it sweeps well beyond the court-supervised conduct of estate fiduciaries in these jointly administered chapter 11

---

[3]   11 U.S.C. § 1125(e) provides:  "A person that solicits acceptance or rejection of a plan, in good faith and in compliance with the applicable provisions of this title, or that participates, in good faith and in compliance with the applicable provisions of this title, in the offer, issuance, sale, or purchase of a security, offered or sold under the plan, of the debtor, of an affiliate participating in a joint plan with the debtor, or of a newly organized successor to the debtor under the plan, is not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities."

3

cases.   Specifically, Section 10.01 of the Plan releases the Exculpated Parties from liability for "any act or omission" in connection with the Case other than willful misconduct, gross negligence, fraud or criminal conduct.   It provides:

> Except as otherwise provided by the Plan or the Confirmation Order, on the Effective Date to the extent permitted by applicable law, the Exculpated Parties shall be deemed exculpated and released, to the greatest extent permitted under applicable law, by all Holders of Claims or Interests, of and from any claims, obligations, rights, Causes of Action and liabilities for any act or omission in connection with, or arising out of, the Case, including, without limiting the generality of the foregoing, all retentions, motions and applications, sales of assets, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of Confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, that no such Exculpated Parties shall be discharged from obligations under the Plan or of any claim or cause of action arising from or related to acts or omissions which constitute willful misconduct, gross negligence, fraud or criminal conduct under the laws of the United States or any state or local authority.

Pursuant to Article I, Section 1.01, 52 of the Plan, *Exculpated Parties*" "shall mean the (i) Lenders, (ii) CRO, (iii) Liquidation Trustee (iv) Agent, (v) Committee, including each member of the Committee in its capacity as a Committee member, and (vi) each of their current or former agents, representatives, attorneys, accountants, financial advisors, other professionals or employees, officers or directors."

Although the Sixth Circuit has yet to address the issue, courts have held that only estate fiduciaries, like trustees, the debtor's officers and directors, official committees and their members, and counsel to estate fiduciaries may exculpated and only for conduct that is court-supervised conduct that carries out estate fiduciary duties during the chapter 11 case, that is, conduct that occurs after the petition has been filed and before the plan's Effective Date.   *See, e.g., Matter of Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 437 (5th Cir. 2022) ("[A]ny exculpation in a Chapter

11 reorganization plan [must] be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . .");  *In re Pac. Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009) (same); *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000) (court considered whether an official committee of unsecured creditors could be exculpated and held that Section 1103(c) implies both a fiduciary duty and a limited grant of immunity to members of the unsecured creditors' committee); *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 700-01 (E.D. Va. 2022) ("Exculpation is appropriate when it is solely limited to fiduciaries who have served a debtor through a chapter 11 proceeding.") (citing *In re Health Diagnostic Lab. Inc.*, 551 B.R. 218, 232-33 (Bankr. E.D. Va. 2016)); *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011) ("[An] exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers."); *In re PTL Holdings LLC*, 2011 WL 5509031 at *38 (Bankr. D. Del. Nov. 10, 2011) ("[T]he exculpation clause here must be reeled into include only those parties who have acted as estate fiduciaries and their professionals."). *see also Blixseth v. Credit Suisse,* 961 F.3d 1074, 1082 (9th Cir. 2020) essential participants in the plan process).

The Plan's exculpation provision exceeds these limitations.  It extends protections to parties who are not supervised by this court and are not bankruptcy estate fiduciaries.  *See In re Washington Mut., Inc.*, 442 B.R. 314, 351 (Bankr. D. Del. 2011) ("[An] exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers."). Here, the Plan protects the Lenders, Liquidation Trustee, and Agent, none of whom are estate

fiduciaries. The Liquidation Trustee is not even in existence yet—it is a post-Effective Date entity. Moreover, the exculpation would extend to the various Exculpated Parties' "current *or former* agents, representatives, attorneys, accountants, financial advisors, other professionals or employees, officers or directors." (emphasis added).  These are simply broad categories without any specific identification that would justify their protection in the exculpation provision—and this provision would include even the "former" members of such categories.  But courts have reasoned that the receipt of exculpatory protections is justified only if a party is a court-supervised fiduciary.  *See, e.g., Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 700-01 (E.D. Va. 2022) ("Exculpation provisions do not release parties, but instead raise the liability standard of fiduciaries for their conduct during their case.") citing *In re Health Diagnostic Lab. Inc.*, 551 B.R. 218, 232 (Bankr. E.D. Va. 2016).   These categories reach large swaths of people and entities with no connection to the cases at all.

In addition to the inclusion of the Liquidation Trustee, the scope of the exculpation provision extends to acts that occur in connection with or arising out of these bankruptcy cases, including acts that would occur after the Effective Date of the Plan.  But courts have held that exculpation "only extends to conduct that occurs between the Petition Date and the Effective Date." *See, e.g.*, In *In re Mallinckrodt PLC*, 639 B.R. 837, 883 (Bank. D. Del. 2022); *In re Midway Gold US, Inc.*, 575 B.R. 475, 512 (Bankr. D. Colo. 2017) (rejecting exculpation provision that would exculpate "conduct and omissions arising after the confirmation date and after the Chapter 11 Cases have concluded, including, but not limited to, administration and implementation of the Plan itself.").

As the Plan's exculpation provision is overly broad, the Plan is unconfirmable.

6

**B. The Plan cannot be confirmed because it contains an inappropriate injunction and exclusive jurisdiction provision.**

The Plan contains an improperly broad and unnecessary injunction and exclusive jurisdiction provision. It enjoins anyone who may have claims against the Debtors or their property before effective date (i.e., including post-petition claims) from bringing an action "with respect to" such claims against "or affecting" not just the Debtors, but also the Liquidation Trustee, any of their property, any "direct or indirect" transferee of their property, any of their "direct or indirect" successors in interest, or any of the successors' or transferees' property. And it requires anyone who wants to bring a claim against the Liquidation Trustee or his professionals or contractors that was *not* enjoined to bring the action in this Court, purportedly revoking jurisdiction from any other court. Section 10.02, Injunction, of the Plan, provides in full:

> Except as otherwise provided in the Plan, on and after the Effective Date, all Persons who have held, hold or may hold or assert Claims or Liens against the Debtors or their property arising prior to the Effective Date, or Interests in the Debtors, are, with respect to any such Claims, Liens, or Interests, permanently enjoined from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Liquidation Trustee, any of their property including without limitation the Assets, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtors, the Liquidation Trustee, any of their property, including without limitation the Assets, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against the Debtors, the Liquidation Trustee, any of their property, including without limitation the Assets, or against any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors or the Liquidation Trustee; (d) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Nothing contained in this Section shall affect the

7

rights of a Holder of an Allowed Claim or Interest to receive and enforce Distributions on account of its Allowed Claim or Interest in accordance with the Plan or to enforce the provisions of the Plan, or shall effect the release or discharge of any Designated Lien.

Any claim or action asserted against the Liquidation Trustee or his professionals or contractors, to the extent not enjoined by the foregoing provision, must be brought in the Bankruptcy Court, and no other court shall have jurisdiction to hear any such claim or action.

This first paragraph of this provision, enjoining claims, appears to be modeled after section 524(a)(2), which describes the injunctive effects of a discharge. But the Debtors are liquidating and not eligible for the grant of discharge pursuant to § 1141(d)(3). Section 1141(d)(3) of the Bankruptcy Code provides that:

The confirmation of a plan does not discharge a debtor if—

(A)    the plan provides for the liquidation of all or substantially all of the property of the estate;

(B)    the debtor does not engage in business after consummation of the plan; and

(C)    the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3). Here, Article IV, Section 5.04 of the Plan contemplates the ongoing sale or liquidation of substantially all the Debtors' assets through the appointment of a Liquidation Trustee and the creation of a Liquidation Trust. The Debtors will not engage in business after consummation of the Plan as any remaining day-to-day operations will be delegated to the Liquidation Trustee. Fundamentally, this Plan is about monetizing assets—not engaging in business.

8

Additionally, the Debtors, as corporations, would not be eligible for a discharge under section 727(a)(1) of the Bankruptcy Code if they were chapter 7 debtors.   That is because section 727(a)(1) provides that the Court shall only grant a debtor a discharge if the debtor is an individual. *See, e.g.*, *In re Flintkote Co.*, 486 B.R. 99, 129 n.80 (Bankr. D. Del. 2012) ("Section 1141(d)(3)(C) is always satisfied for corporate debtors, as they cannot receive discharges in chapter 7.").

Accordingly, the Debtors are not eligible for a discharge pursuant to section 1141(d)(3) of the Bankruptcy Code, and it is inappropriate for the Plan to contain an injunction that has the effect of enforcing the discharge for Debtors that are not eligible to receive one.

Even were the Debtors here not liquidating, and thus entitled to a discharge injunction protecting them pursuant to section 524, the injunction is overly broad in prohibiting claims and actions that may "affect" the Debtors, as well as the Liquidating Trustee, his professionals and contractors (as acknowledged by the provision itself). These enjoined claims could include even unrelated actions against the Debtors' management and officers as they may theoretically "affect" the Debtors.   As the United States Supreme Court held in *Harrington v. Purdue Pharma L.P.*, 219 L. Ed. 2d 721, 740, 144 S. Ct. 2071 (2024), the Bankruptcy Code does not authorize an injunction that, as part of a chapter 11 plan, bars claims against a non-debtor without the consent of affected claimants.   There is no evidence that the Debtors or Plan proponents have sought consent from those affected by this provision.

The second paragraph of this provision (the "Jurisdictional Bar") states that "any claim or action asserted against the Liquidation Trustee or his professionals or contractors, to the extent not enjoined by the foregoing provision, must be brought in the Bankruptcy Court, and no other court shall have jurisdiction to hear any such claim or action."   This provision both bars nondebtors

from bringing claims against other nondebtors (the Liquidation Trustee and his professionals and contractors) in any other court and purports to deprive all other state and federal courts of jurisdiction over such claims.   Notably, the Jurisdictional Bar is not limited to claims related to the bankruptcy case and expressly does not apply to claims enjoined by the prior paragraph. Rather, the only requirement is that the defendant be the Liquidation Trustee or one of his (unnamed) professionals or contractors.   This provision is contrary to the law.   There is no provision in the Bankruptcy Code or elsewhere that authorizes this Court to force a non-debtor who wishes to pursue a claim or action against another non-debtor to come to this Court—and only this Court—for a determination of such claim or action.   The Plan proponents have cited no such authority, and we are aware of none.

The Sixth Circuit has held, in the context of settlements, that a bankruptcy court must determine whether it has jurisdiction and power to enter a bar order.   *Papas v. Buchwald Cap. Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 577 (6th Cir. 2013).   Under 28 U.S.C. § 1334(b), the Court has jurisdiction only over claims "related to" the bankruptcy case.   A civil proceeding is "related to" a bankruptcy case if the proceeding's outcome will have an effect on the estate being administered.   *Id*.   "The 'related to' inquiry asks not whether the *assertion* of the claims would effect the bankruptcy estate but whether the *outcome* of the claims would effect the estate."   *Id*. at 578 (emphasis in original).   Here, the Jurisdictional Bar applies to post-confirmation proceedings on independent claims between nondebtors.   Proceedings on those claims are not "related to" this bankruptcy case—they could not impact the bankruptcy estate— and thus the Court lacks jurisdiction to enjoin them.   Indeed, by its terms, the Jurisdictional Bar is not limited to proceedings related to this case.

Even if, counterfactually, the Jurisdictional Bar were limited to claims related to this bankruptcy case, there is still no basis for this Court to unilaterally vest itself with exclusive jurisdiction over such claims.   The Plan proponents have cited no authority that would allow the Court to enter such an order.   The jurisdictional statute for bankruptcy provides district courts "original <u>but not exclusive</u> jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added); *In re Brady, Texas, Mun. Gas Corp.*, 936 F.2d 212, 218 (5th Cir. 1991); *In re Murray*, 2021 U.S. App. Lexis 26573, 2021 WL 4026732 at *4 (6th Cir. Sept. 3, 2021).   Nothing in the Bankruptcy Code or title 28 precludes other courts from hearing claims or actions just because they happen to be against a liquidating trustee or another party involved in the post-effective date execution of a chapter 11 plan. Accordingly, the Bankruptcy Court cannot deprive other courts of jurisdiction. To do so would violate general principles of comity. *See China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987) ("When two sovereigns have concurrent *in personam* jurisdiction one court will ordinarily not interfere with or try to restrain proceedings before the other.").

Indeed, there is no reason why the court in which the relevant action has been filed cannot determine a claim against the Liquidating Trustee or his professionals or contractors.   Even if the claim relates to bankruptcy, non-bankruptcy courts frequently address such claims.   For example, non-bankruptcy courts have concurrent jurisdiction to determine whether a claim has been discharged in bankruptcy.   *See, e.g., Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021); *Eden v. Robert A. Chapski, Ltd.*, 405 F.3d 582, 588 (7th Cir. 2005).

Nor is the Jurisdictional Bar warranted by the traditional factors that support injunctive relief.   A party seeking an injunction "must demonstrate: (1) that it has suffered an irreparable

11

injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'") (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)); *id*. (noting that an injunction is an "extraordinary remedy").  The Debtors (or Plan proponents) have made no attempt to show that any of these factors are met.

It also appears that the provision would apply even after the Debtors' bankruptcy cases have been closed, which would potentially require a non-debtor seeking to pursue a claim against another non-debtor to first move to reopen the bankruptcy cases.

Unsurprisingly, a similar provision was rejected in *In re Gulf Coast Health Care, LLC*, where the court noted, "I see no reason to retain exclusive jurisdiction for a determination that has been requested of me . . . . . because "the plan says what it says, and other courts should be entitled to exercise their authority to interpret it," and "[i]mposing such a requirement could also impose an unnecessary administrative hurdle and cost the parties when these cases are closed."  *Gulf Coast Health Care, LLC*, No. 21-11336 (KBO) (Bankr. D. Del.), D.I. 1236, Transcript of May 4, 2022, Confirmation Hearing at 30:18-23.

Accordingly, because the Plan's injunction is in contravention of § 1141(d)(3), and because it contains an unlawful gatekeeping provision, the Plan cannot satisfy section 1129(a)(1) and is therefore unconfirmable.   The entire provision at Section 10.02 should be stricken from the Plan.

## RESERVATION OF RIGHTS

The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, augment, alter and/or modify this objection.

## CONCLUSION

For the reasons set forth above, the U.S. Trustee requests that the Court enter an order denying confirmation of the Plan and for such other relief as the Court deems proper.

Dated:   December 20, 2024.

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE,
REGION 8

*/s/ Jamie L. Harris*
JAMIE L. HARRIS
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
601 W. Broadway, Suite 512
Louisville, Kentucky 40202
(502) 582-6050
Jamie.L.Harris@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on December 20, 2024 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system at the electronic addresses as set forth in the ECF system.

*/s/ Jamie L. Harris*