**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

In re:                                                                Chapter 11

STERETT COMPANIES, LLC., *et al.*,[1]                Case No. 23-40625 (CRM)

Debtors.                                      (Jointly Administered)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND WEBSTER
BUSINESS CREDIT, A DIVISION OF WEBSTER BANK N.A.,
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS MATTER** came before the Court for hearing on January 7, 2024 at 11:00 a.m. (ET)

(the "Confirmation Hearing") to consider the approval and confirmation of the *Amended Joint*

*Chapter 11 Plan Proposed by the Official Committee of Unsecured Creditors and Webster*

*Business Credit, a Division of Webster Bank N.A., Under Chapter 11 of the Bankruptcy Code* [ECF

No. 541] (the "Plan")[2] filed by the Official Committee of Unsecured Creditors (the "Committee")

appointed in the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and

debtors-in-possession (the "Debtors") and Webster Business Credit, a division of Webster Bank

N.A., for itself as lender on behalf of certain other lenders (the "Lenders" and together with the

Committee, the "Plan Proponents").  This Court having considered (i) the Plan; (ii) the Disclosure

Statement; (iii) the *Memorandum in Support of Confirmation of Amended Joint Chapter 11 Plan*

---

[1]    The Debtors in these Chapter 11 cases are Sterett Companies, LLC (Case No. 23-40625); Sterett Crane and
Rigging, LLC (Case No. 23-40626); Sterett Equipment Company, LLC (Case No. 23-40627); and Sterett Heavy
Hauling, LLC (Case No. 23-40628).

[2]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Plan.
Any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the
Bankruptcy Code (as defined below) or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")
shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

*Proposed by the Official Committee of Unsecured Creditors and Webster Business Credit, a Division of Webster Bank N.A., Under Chapter 11 of the Bankruptcy Code* [ECF No. 571] (the "<u>Confirmation Memorandum</u>"), including the *Declaration of Jacen A. Dinoff in Support of Confirmation of Amended Joint Chapter 11 Plan* (the "<u>Dinoff Declaration</u>") attached to the Confirmation Memorandum; (iv) the *Declaration of James R. Irving Regarding the Solicitation and Tabulation of Votes on the Amended Joint Chapter 11 Plan Proposed by the Official Committee of Unsecured Creditors and Webster Business Credit, a Division of Webster Bank, N.A. Under Chapter 11 of the Bankruptcy Code and Related Documents* [ECF No. 568] (the "<u>Voting Report</u>" and together with the Dinoff Declaration, the "<u>Declarations</u>"); and (iv) the evidence presented at the Confirmation Hearing, including the proffers, statements and representations of counsel, the modifications, amendments and additions to the Plan announced on the record by counsel for the Proponents or as set forth in the Confirmation Memorandum, which have been incorporated in writing into this Order, and pursuant to Federal Rule of Civil Procedure 52(a)(1), as incorporated by Bankruptcy Rule 7052; and the Court having issued its oral ruling on the record at the Confirmation Hearing; and in accordance with the Court's ruling on the record, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket in these Chapter 11 Cases, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court in connection with the requested approval and confirmation of the Plan.

C.    <u>Jurisdiction, Venue, Core Proceeding</u>.    The Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court's exercise of such jurisdiction to enter a final order with respect thereto is proper in all respects.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D.    <u>Eligibility for Relief</u>.  The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

E.    <u>Commencement and Joint Administration of the Chapter 11 Cases</u>.  On October 27, 2023 (the "<u>Petition Date</u>"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101- 1532 (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Western District of Kentucky.  In accordance with the *Order Granting Debtors' First-Day Motion for the Joint Administration of the Debtors' Chapter 11 Cases* [ECF Nos. 34-36], these Chapter 11 Cases have been consolidated for procedural purposes and are being jointly administered pursuant to Bankruptcy Rule 1015.

F.    <u>Appointment of Creditors' Committee</u>.  On December 5, 2023, the Office of the United States Trustee appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors comprised of two members (the "<u>Committee</u>") [ECF No. 66].

G.    <u>Appointment of Chief Restructuring Officer</u>.  On June 18, 2024, the Court entered the *Agreed Order Authorizing Retention of a Chief Restructuring Officer* [ECF No. 415] authorizing the Debtors to retain a Chief Restructuring Officer ("<u>CRO</u>") to assume control over the Debtors' day-to-day operations and sale efforts.  On July 1, 2024, the Court entered the *Order Approving Debtors' Applicable Pursuant to Sections 105(A) and 363(B) To Employ and Retain TODA Investments, LLC, and Designate Darren Gibbons as Chief Restructuring Officer* [ECF No. 432] appointing Darren Gibbons of TODA Investments, LLC as CRO.  The CRO is charged with, among other things, overseeing the Debtors' day-to-day operations and managing the Debtors' sale process.

H.    <u>Sale Process</u>.  On August 22, 2024, the Court entered the *Order (I) Authorizing the Debtors to Enter Into Agency Agreement, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (III) Granting Related Relief* [ECF No. 457] (the "<u>Sale Order</u>") authorizing the Debtors to (i) enter into that certain *Agency Agreement* dated August 3, 2024 (the "<u>Agency Agreement</u>") retaining Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., and IronPlanet, Inc. (collectively, the "<u>Agent</u>") and (ii) pursue the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances (the "<u>Sale Process</u>") in accordance with the Agency Agreement.

I.    <u>Disclosure Statement Order</u>.  On December 5, 2024, the Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Plan Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of Joint Chapter 11 Plan of Liquidation* [ECF No. 554] (the "<u>Disclosure Statement Order</u>") approving the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan Proposed by the Official Committee of Unsecured Creditors and Webster Business Credit, a*

*Division of Webster Bank, N.A. Under Chapter 11 of the Bankruptcy Code* [ECF No. 540] (the "Disclosure Statement").  The Disclosure Statement Order set December 24, 2024 as (i) the deadline for objecting to the Plan (the "Plan Objection Deadline") and (ii) the deadline for voting to accept or reject the Plan (the "Voting Deadline").

J.    Solicitation and Notice.  The Disclosure Statement, the Plan, the ballots, and related materials were transmitted and served as required by the Court and in compliance with the procedures set forth in the Disclosure Statement Order (the "Solicitation Procedures"), the Bankruptcy Code, the Bankruptcy Rules, and any applicable local bankruptcy rules, as evidenced by the *Affidavit of Service* [ECF No. 569] (the "Solicitation Affidavit").  As set forth in the Solicitation Affidavit, the solicitation of votes on the Plan complied with the Solicitation Procedures.  Such transmittal and service constituted proper and sufficient notice reasonably calculated, under the circumstances, to apprise creditors and interested parties of the pendency of the Plan, the Confirmation Hearing, and afford them an opportunity to present their objections, and no other or further notice is or shall be required.

K.    Voting.  On January 2, 2025, the Plan Proponents filed the Voting Report.  As set forth in the Voting Report, the solicitation of votes on the Plan complied with the Solicitation Procedures.  The establishment and notice of the Voting Record Date (as defined in the Disclosure Statement Motion) were reasonable and sufficient.  Votes to accept or reject the Plan have been solicited with proper and sufficient notice and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and, as applicable, the local rules.

L.    Plan Supplement.  The Plan Supplement was filed in accordance with the Disclosure Statement Order and complies with the Bankruptcy Code and the terms of the Plan,

and the filing and notice of the documents included in the Plan Supplement are adequate and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and the facts and circumstances of the Chapter 11 Cases.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into, the Plan.

M.    <u>Modifications to the Plan</u>.  Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan filed on November 26, 2024, and any additional modifications described or set forth in this Confirmation Order or in any Plan filed prior to this Confirmation Order (collectively, the "<u>Plan Modifications</u>") constitute technical changes, changes with respect to particular Claims by agreement with Holders of such Claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest. These modifications are consistent with the disclosures previously made pursuant to the Disclosure Statement and solicitation materials served pursuant to the Disclosure Statement Order, and notice of these modifications was adequate and appropriate under the facts and circumstances of these Chapter 11 Cases.  In accordance with Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of votes under section 1126 of the Bankruptcy Code.

N.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the entities submitting the Plan as the proponents, thereby satisfying Bankruptcy Rule 3016(a).

O.    <u>Burden of Proof</u>.  The Plan Proponents have the burden of proving the elements of section 1129(a) (and if applicable, section 1129(b)) of the Bankruptcy Code by a preponderance of the evidence and they have met that burden as further found and determined herein.

P.    <u>Section 1129(a)(1) – Plan's Compliance with the Bankruptcy Code</u>. The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1)

of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code.

Q.    <u>Sections 1122(a) and 1123(a)(1)-(4)</u>. The Plan satisfies sections 1122(a) and 1123(a)(1) of the Bankruptcy Code and designates separate Classes of Claims, and each Class contains Claims that are substantially similar to the other Claims within that Class.  The Plan satisfies sections 1123(a)(2) through (4) of the Bankruptcy Code by specifying the treatment of each Class that is impaired, and by providing the same treatment for each Claim within a particular Class.

R.    <u>Section 1123(a)(5) – Adequate Means for Plan Implementation</u>.  The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.  The provisions in Article V and elsewhere in the Plan, and in the exhibits and attachments to the Plan and the Disclosure Statement provide, in detail, adequate and proper means for the Plan's implementation, including regarding: (a) the consummation of the Plan, the continuation of the Sale Process, and the vesting of assets in the Liquidation Trust; (b) the sources of consideration for Plan distributions; (c) the authorization for the Debtors, Post-Confirmation Debtors, the Liquidation Trust, and the Liquidation Trustee, as applicable, to take all actions contemplated under or necessary, advisable, or appropriate to implement or effectuate the Plan; (d) the settlement and discharge of Claims and Interests as set forth in the Plan; and (e) the preservation and vesting of certain Causes of Action in the Liquidation Trust.

S.    <u>Section 1123(a)(6) – Voting Power of Equity Securities</u>.  The Plan does not provide for the issuance of equity or other securities of the Debtors or the Post-Confirmation Debtors, including non-voting equity securities.  Accordingly, the requirements of section 1123(a)(6) of the Bankruptcy Code are inapplicable.

T.      <u>Section 1123(a)(7) – Directors and Officers</u>.  The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.  As of the Effective Date, the existing board of directors or managers, as applicable, of the Debtors shall be dissolved without any further action required, and any remaining officers, directors, managers, or managing members of any Debtor shall be dismissed without any further action required.  As of the Effective Date, the Liquidation Trustee shall act as the sole officer, director, manager, and governing body, as applicable, of the Debtors and Post-Confirmation Debtors with respect to their affairs.   The selection of the Liquidation Trustee is consistent with the interests of Holders of Claims and Interests and public policy.  Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

U.      <u>Section 1123(b)</u>.  The provisions of the Plan comply with, and are not inconsistent with, section 1123(b) of the Bankruptcy Code.  The Plan identifies and impairs or, as applicable leaves unimpaired, each Class of Claims and Interests pursuant to section 1123(b)(1).  The Plan (as modified by this Order) provides for the assumption and assignment, or rejection, of the Debtors' previously unrejected executory contracts and unexpired leases pursuant to section 1123(b)(2).  The Plan permits the Liquidation Trustee to retain, enforce or settle any claim or interest that belongs to the Debtors or the Estates, as the case may be, pursuant to section 1123(b)(3) of the Bankruptcy Code.  The Plan contains other customary provisions that are consistent with the Bankruptcy Code as required by section 1123(b)(6) of the Bankruptcy Code, including: (i) provisions governing Distributions on account of Allowed Claims; (ii) procedures for resolving Disputed Claims; (iii) provisions regarding the modification of the Plan; (iv) provisions for exculpations and injunctions (as modified by this Order); and (v) provisions for the retention of jurisdiction by this Court with respect to certain matters listed in Article XI of the Plan.  The failure

to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

     V.    <u>Section 1129(a)(2) – Plan Proponents' Compliance with the Bankruptcy Code</u>.  The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code.  The Plan Proponents are proper proponents of the Plan and have solicited acceptances of the Plan in accordance with the requirements of section 1125 of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order (including the Solicitation Procedures) and, as applicable, the local rules.  Pursuant to the Disclosure Statement Order, on or about December 9, 2024, as evidenced by the Solicitation Affidavit, the Plan Proponents caused to be mailed, by first class mail, postage prepaid, the Solicitation Package (as defined in the Disclosure Statement Order), including (i) instructions for electronic access to the Plan, Disclosure Statement, and other related materials; (ii) Ballots and instructions for completing the same, if applicable; (iii) a notice of Non-Voting Status, if applicable; and (iv) a prepaid return envelope.  The procedures by which the Ballots for acceptance or rejection of the Plan were solicited and tabulated were adequate, fair, properly conducted and in accordance with Bankruptcy Rules 3017 and 3018, section 1126(b) of the Bankruptcy Code, the Disclosure Statement Order, and, as applicable, the local rules.  Accordingly, the Plan satisfies section 1129(a)(2) of the Bankruptcy Code.

     W.    <u>Section 1129(a)(3) – Plan Proposed in Good Faith</u>.  The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law.  The Plan achieves the goals broadly embodied in the Bankruptcy Code.  Therefore, the Plan complies with section 1129(a)(3) of the Bankruptcy Code.

     X.    <u>Section 1129(a)(4) – Payments for Services</u>.  Any payment made or to be made by any of the Debtors or Post-Confirmation Debtors for services or for costs and expenses in or in

connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Y.    Section 1129(a)(5) – Identity of Management.    In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Plan Proponents identified the person appointed as the Liquidation Trustee and serving in that capacity as the appointed representative of the Debtors, Post-Confirmation Debtors, and/or the Estates in the Plan.  Article VII of the Plan, along with the Liquidation Trust Agreement, describes in detail the Liquidation Trustee and the duties of the Liquidating Trustee.  The appointment of the Liquidation Trustee is consistent with the interests of creditors and public policy.   Therefore, the Plan complies with section 1129(a)(5) of the Bankruptcy Code.

Z.    Section 1129(a)(6) – No Rate Changes.    The Plan does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after confirmation.  Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

AA.    Section 1129(a)(7) – Best Interests of Creditors.  With respect to each impaired Class of Claims, each Holder in such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  Therefore, the Plan complies with section 1129(a)(7) of the Bankruptcy Code.

BB.    Section 1129(a)(8) – Acceptance by Certain Classes.  Holders of Claims in Class 1 unanimously accepted the Plan as Plan Proponents.  All those voting as Holders of Claims in Class 3 also voted in favor of the Plan.  Class 2 did not vote for or against the Plan.  Holders of Claims

in Classes 4 and 5 are deemed to have rejected the Plan and, thus, were not entitled to vote. Consequently, while the Plan does not satisfy section 1129(a)(8) of the Bankruptcy Code, the Plan is confirmable nonetheless because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

CC.    Section 1129(a)(9) – Treatment of Administrative Claims, Priority Claims, and Priority Tax Claims.  The treatment of Administrative Claims and Priority Claims pursuant to the Plan satisfies the requirements of sections 1129(A)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims pursuant to the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

DD.    Section 1129(a)(10) – Acceptance by One Impaired Class.  As evidenced by the Voting Report, the Plan has been accepted by Class 1 and Class 3, both of which are impaired under the Plan.  At least one impaired Class of Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider.  Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

EE.    Section 1129(a)(11) – Feasibility.  The Plan calls for the liquidation of the Debtors and establishes that the Post-Confirmation Debtors and Liquidation Trust, as applicable, will have sufficient funds available to meet their obligations under the Plan.  Therefore, the Plan complies with section 1129(a)(11) of the Bankruptcy Code.

FF.    Section 1129(a)(12) – Payment of Statutory Fees.  Pursuant to Article II of the Plan, all fees payable under 28 U.S.C. § 1930 will be paid by the Debtors, or as applicable by the Liquidation Trustee, until such time as the Chapter 11 Cases are closed or dismissed. All outstanding U.S. Trustee fees as of the Effective Date of the Plan shall be paid by the Debtors. Therefore, the Plan complies with section 1129(a)(12) of the Bankruptcy Code.

GG.    <u>Section 1129(a)(13) – Retiree Benefits</u>.  The Debtors do not have any remaining obligations to pay retiree benefits (as defined in section 1114 of the Bankruptcy Code).  Therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases or the Plan.

HH.    <u>Non-Applicability of Certain Sections—Sections 1129(a)(14), (15), and (16)</u>. Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.  The Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations.

II.    <u>Section 1129(b) – Cramdown</u>.  This Court, having considered the Confirmation Memorandum filed by the Plan Proponents, confirms the Plan under section 1129(b) of the Bankruptcy Code notwithstanding the deemed rejection of the Plan by Class 4 (Intercompany Claims) and Class 5 (Equity Interests), because the Plan does not unfairly discriminate against, and is fair and equitable with respect to, the Holders of such Claims and Equity Interests.  The Plan is fair and equitable as to Holders of Claims in Class 4 given that such Claims are being eliminated as a result of the substantive consolidation of the Debtors' Estates.  The Plan is fair and equitable as to Holders of Claims in Class 5 given that no Holder of any Claim in a Class senior to Class 5 is receiving more than payment in full on account of its Claim or Interest.

JJ.    <u>Section 1129(c) – Only One Plan</u>.  The Plan is the only plan currently filed in these Chapter 11 Cases (all prior plans having been withdrawn), and therefore, section 1129(c) of the Bankruptcy Code does not apply.

KK.    <u>Section 1129(d) – Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933, as amended.  Therefore, the Plan complies with section 1129(d) of the Bankruptcy Code.

LL.      <u>Section 1129(e) – Small Business Cases</u>.  None of the Chapter 11 Cases are small business cases within the meaning of the Bankruptcy Code.  Accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

MM.      <u>Section 1125(e) – Good Faith Solicitation</u>.  The Plan Proponents have complied with section 1125(e) with all of their respective activities relating to support and consummating the Plan, including in transmitting the solicitation materials and in soliciting and tabulating the votes on the Plan.

NN.      <u>Assumption and Rejection of Contracts</u>. As modified by the Order, Article VI of the Plan governing the assumption and assignment or the rejection of executory contracts and unexpired leases satisfies the requirements of sections 365(a), 365(b) and 365(f) of the Bankruptcy Code, and the deemed rejection of executory contracts and unexpired leases pursuant to this Order is an exercise of sound business judgment under the circumstances.

OO.      <u>Exculpation</u>.  The exculpation described in Article X of the Plan (the "<u>Exculpation</u>") is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations with key constituents, and is appropriately limited in scope.  Without limiting anything in the Exculpation, to the extent any Exculpated Party has participated and taken actions in these Chapter 11 Cases, each Exculpated Party has participated in these Chapter 11 Cases in good faith and, except as otherwise specifically provided in the Plan, each Exculpated Party is hereby released and exculpated as set forth in the Plan.  To the extent of the Exculpated Parties' actions taken in these Chapter 11 Cases, the Exculpated Parties have participated in any and all activities potentially underlying any Claim subject to the Exculpation in good faith and in compliance with the applicable laws.

PP.    <u>Injunction</u>.  As modified by this Order, the injunction provision set forth in Article X of the Plan is consistent with applicable law and is necessary to implement, preserve, and enforce the Plan, including the Sale Process and Exculpation, and is narrowly tailored to achieve these purposes.

QQ.    <u>Causes of Action</u>.  Article VII of the Plan appropriately provides that, unless any Cause of Action is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, the Debtors shall convey to the Liquidation Trustee all rights to commence, prosecute, or settle, as appropriate, any and all Retained Causes of Action, whether arising before or after the Petition Date, which shall vest in the Liquidation Trust pursuant to the terms of the Plan.  The provisions of the Plan regarding the preservation of Causes of Action are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors, the Debtors' estates, and Holders of Claims and Interests.

RR.    <u>Substantive Consolidation Warranted</u>.  Article V of the Plan provides for the substantive consolidation of the Debtors' Estates.  Based on the evidence presented at or before the Confirmation Hearing including, but not limited to the Declarations and the arguments set forth in the Confirmation Memorandum, and the record of these Chapter 11 Cases, the Court finds that substantive consolidation is factually warranted, fair and equitable, and in the best interests of the Debtors' creditors and Estates.  Substantive consolidation of the Debtors' estates is further warranted under the circumstances, based upon, as established in the Confirmation Memorandum, (i) the Debtors' operational and financial affairs being so entangled that consolidation will benefit all creditors, (ii) creditors dealt with and relied upon the Debtors as a single economic unit, and did not rely upon the separate identity of any Debtor in extending credit, and (iii) consolidation is necessary to avoid harm to the Debtors' estates and will benefit the Debtors' estates.

## **ORDER**

IT IS THEREFORE ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.    Findings of Fact and Conclusions of Law.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014.  To the extent that any finding of fact is determined to be a conclusion of law, and any conclusion of law a finding of fact, it is deemed so.

2.    Plan Confirmed.  The Plan and Plan Supplement, attached hereto as **EXHIBIT A** and as amended by this Order, are **CONFIRMED** and **APPROVED** in all respects.  The terms of the Plan are incorporated by reference into and are an integral part of this Order.

3.    Objections.  The Court hereby **DENIES** and/or **OVERRULES,** as applicable, all objections not previously withdrawn or otherwise resolved and relating to the confirmation of the Plan.  All parties have had a full and fair opportunity to litigate all issues raised in the objections to Confirmation of the Plan, or which might have been raised, and the objections have been fully and fairly litigated or resolved, including by agreed-upon reservations of rights as set forth in this Confirmation Order.

4.    Solicitation.  The solicitation of votes on the Plan complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations, and was appropriate and satisfactory and is approved in all respects.  The Confirmation Hearing Notice was appropriate and satisfactory and is approved in all respects.

5.    Post-Confirmation Operations.  On and after the Confirmation Date and until the Effective Date, except as otherwise provided in the Plan and this Confirmation Order, the Post-

Confirmation Debtors may continue to operate their businesses under the supervision and control of the CRO, and the supervision of the Liquidation Trustee, to use, acquire, or dispose of property of the Estates, without further approval by the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, in consultation with the Oversight Committee and in accordance with the Liquidation Trust Agreement, the Agency Agreement, and this Confirmation Order. Following the Effective Date, the Post-Confirmation Debtors shall wind down all remaining operations (except as otherwise needed to facilitate the Sale Process and liquidation of Assets) and take all actions necessary to terminate and dissolve their corporate existence.

6.    <u>Effective Date</u>.  The Effective Date of the Plan shall be the Business Day on which all conditions to the consummation of the Plan, as set forth in Article VIII have been satisfied or waived.  Upon the occurrence of the Effective Date, the terms of the Plan are immediately effective and enforceable and deemed binding on the Debtors, the Post-Confirmation Debtors, the Liquidation Trustee, and any and all Holders of Claims or Interests (regardless of whether such holders of Claims or Interests have, or are deemed to have, accepted the Plan), all entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each entity acquiring property under the Plan or the Confirmation Order, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors. All Claims and debts shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether or how any Holder of a Claim or debt has voted on the Plan.

7.    <u>Termination of Directors and Officers</u>.  Upon the Effective Date, (i) all officers, directors and employees of the Debtors, including but not limited to the CRO, shall deemed to have resigned from the Debtors and are discharged from their duties and positions, and (ii) the existing board of directors and/or board(s) of managers of the Debtors shall be dissolved without

any further action required on the part of the Debtors or the Debtors' officers, directors, shareholders, and members. Except to the extent the CRO is further retained by the Liquidation Trustee (in his discretion), any all remaining officers, managers or directors of each Debtor shall be dismissed without any further action required on the part of any such Debtor, the shareholders or members of such Debtor, or the officers and directors of such Debtor. To the extent necessary to wind down the Debtors' operations, on the Effective Date, the Liquidation Trustee shall be permitted to take actions on behalf of the Post-Confirmation Debtors, with all authority to take corporate actions on behalf of the Debtors and Post-Confirmation Debtors.

8.    <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications and dollar amounts set forth on the ballots tendered to or returned by the Debtors' creditors and equity interest holders in connection with voting on the Plan: (a) were set forth on the ballots for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors or the Liquidating Trustee and shall not limit, prejudice or impair any party in interest from filing any objections to Claims.

9.    <u>Effectiveness of All Actions</u>.  All actions contemplated by the Plan are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtors, the Post-Confirmation Debtors, the CRO, or the Liquidation Trustee, as applicable, and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members,

or equity holders.  Notwithstanding the foregoing, the CRO and Liquidation Trustee shall be authorized to the extent necessary or advisable to execute, deliver, file, or record such contracts, instruments, settlement agreements, releases, indentures, and other agreements or documents and to take or direct such actions as may be necessary or appropriate on behalf of the Debtors and the Liquidation Trust to effectuate and further evidence the terms and conditions of the Plan.

10.    <u>Substantive Consolidation</u>.  Upon the Effective Date and without further order of the Court, except as expressly provided herein or in the Plan, (i) all assets and liabilities of the Debtors' Estates will be deemed to be substantively consolidated and merged into the single consolidated Estate of Debtor Sterett Companies, LLC, (ii) the obligations of each Debtor will be deemed to be the obligation of the substantively consolidated Debtors, (iii) any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the substantively consolidated Debtors, (iv) each Claim filed in the Chapter 11 Case of any Debtor will be deemed filed against the substantively consolidated Debtors, (v) all transfers, disbursements and distributions made by any Debtor hereunder will be deemed to be made by the substantively consolidated Debtors, and (vi) all guarantees of the Debtors of the obligations of any other Debtors shall be deemed eliminated so that any Claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the substantively consolidated Debtors.  Holders of Allowed Claims in each Class shall be entitled to their share of assets available for distribution to such Class without regard to which Debtor was originally liable for such Claim.  Substantive consolidation of the Debtors' Estates approved herein shall not affect: (i) the legal and corporate structures of the Debtors, (ii) the vesting of the Debtors' Assets in the Liquidation Trust, (iii) the rights of the Debtors or the Liquidation Trustee to contest setoff or recoupment rights alleged by creditors on

the grounds of mutuality under section 553 of the Bankruptcy Code or other applicable law, (iv) distributions out of any insurance policies or proceeds of such policies, or (v) Causes of Action.

        11.    <u>Vesting of Assets</u>.

        a.    <u>Post-Confirmation Debtors</u>. On and after the Confirmation Date, except as otherwise provided for in this Confirmation Order or the Plan, the Post-Confirmation Debtors may take such actions as may be needed to wind down their operations and assist the vesting of all Assets in the Liquidation Trust.

        b.    <u>Liquidation Trust</u>.  Except as otherwise provided in the Plan, this Confirmation Order, or any agreement, instrument, or other document incorporated herein or therein, or any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement, on the Effective Date, all assets of the Debtors and Post-Confirmation Debtors shall immediately vest in the Liquidation Trust.  The transfer of the Trust Assets shall be exempt from any stamp, real estate, transfer, reporting, sales, use or other similar tax.

        12.    <u>Sale Process</u>.  The Debtors, Post-Confirmation Debtors, and Liquidation Trust, as applicable, are authorized to continue the Sale Process as authorized by the Sale Order and Agency Agreement, including entry into and consummation of the transactions contemplated thereunder, and may take any actions as may be necessary, advisable, or appropriate to effectuate the Sale Process.  This Confirmation Order approves (i) the assumption of the Agency Agreement by the Post-Confirmation Debtors and, on the Effective Date, assignment of the Agency Agreement to the Liquidation Trust, and (ii) the continued retention of the Agent pursuant to the terms of the Agency Agreement by the Liquidation Trustee.  The Agent shall continue to perform all obligations under the Agency Agreement in favor of the Post-Confirmation Debtors, Liquidation

Trust, and Liquidation Trustee, as applicable, and the Liquidation Trustee shall assume all rights, obligations, and duties under the Agency Agreement in place of the Debtors and CRO.

13.    <u>Liquidation Trust</u>.  On the Effective Date, pursuant to section 1123(b)(3) of the Bankruptcy Code, all of the Debtors' and Post-Confirmation Debtors' Assets shall be transferred (and deemed transferred) to the Liquidation Trust free and clear of all Claims, Liens, charges, encumbrances, rights, and interests, except as explicitly set forth in the Plan and Liquidation Trust Agreement, without the need for any entity to take any further action or obtain any approval.  On the Effective Date, the Liquidation Trust shall be authorized as the representative of the Debtors' Estates to administer the Liquidation Trust in accordance with the Liquidation Trust Agreement, the Plan, and this Order.  Pursuant to the Plan, the Liquidation Trust shall have authority under Bankruptcy Rule 2004 to issue subpoenas for documents and testimony in connection with the Liquidation Trust Assets.

14.    <u>Liquidation Trust Agreement</u>.  The Liquidation Trust Agreement is approved, subject to any amendments permitted under the Plan, Liquidation Trust Agreement, and this Order. The formation, rights, powers, duties, structure, obligations and other matters pertaining to the Liquidation Trust shall be governed by the Liquidation Trust Agreement, the Plan, and this Confirmation Order.

15.    <u>Appointment of Liquidation Trustee</u>.  Jacen A. Dinoff of KCP Advisory Group, LLC is hereby appointed as the Liquidation Trustee.  The Liquidation Trustee is authorized and empowered, without further approval of this Court or any other party, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to administer the Liquidation Trust in accordance with the Liquidation Trust Agreement and Plan and to execute and deliver all agreements, documents, instruments, and certificates relating thereto.  The Liquidation Trustee

and/or the Liquidation Trust, as applicable, may employ and compensate, without further order of the Bankruptcy Court, professionals (including professionals previously retained by the Debtors or the Committee), including the CRO and Agent; provided that the Agent shall continue to be employed and compensated in accordance with the Agency Agreement.

16.    <u>Preservation of Causes of Action</u>.  In accordance with section 1123(b)(3) of the Bankruptcy Code, and unless a Claim, objection, defense or Cause of Action against an Entity or Person is expressly waived (including any and all Claims and Causes of Action against the Lenders), relinquished, released, compromised or settled in any Final Order (including this Order), (i) nothing in this Order or the Plan shall be deemed to waive, abandon, relinquish, impair, or otherwise prejudice any claims, objections, defenses, or Causes of Action, including any rights of setoff or recoupment, that the Debtors or the Estates may have.  The failure of the Debtors to specifically list any Claim, Cause of Action, suit, or proceeding does not, and will not be deemed to, constitute a waiver or release by the Debtors or the Estates of such Claim, cause of action, suit, or proceeding.  Following the Effective Date, all Retained Causes of Action shall be deemed transferred to and vested in the Liquidation Trust, and the Liquidating Trustee shall retain all rights to pursue such actions in accordance with the Plan and Liquidation Trust Agreement.

17.    <u>Assumption Procedures</u>.  The assumption procedures set forth in Section 6.05 of the Plan shall be revised and replaced with the following:

1.    <u>Assumption and Assignment</u>.  Except as otherwise provided in the Plan, the Confirmation Order, or otherwise agreed by any contract counterparty, (a) any Executory Contract or Unexpired Lease designated for assumption and assignment prior to the Effective Date in an Assumption Notice shall be assumed by the Post-Confirmation Debtors on the Effective Date and, if necessary, assigned to the Liquidation Trust, and (b) all other Executory Contracts and Unexpired Leases not listed on an Assumption Notice shall be deemed rejected as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code.  The Plan Proponents, in consultation with the CRO, may submit an Assumption Notice at any time prior to the Effective Date, and any counterparties to Executory Contracts or Unexpired

Leases listed on such Assumption Notice shall have seven (7) days from the date of filing such Assumption Notice to object to the proposed assumption and assignment of such Executory Contracts or Unexpired Lease, or any proposed Cure Claim set forth therein.

2.    <u>Assumption Notice</u>.  At any time prior to the Effective Date, the Plan Proponents may file an Assumption Notice listing Executory Contracts and Unexpired Leases that have been designated for assumption and assignment and associated Cure Costs. The deadline to file any objections in connection with the Assumption Notice, including but not limited to any objections to any Cure Claims set forth therein, shall be no later than seven (7) days following the filing of the Assumption Notice with the Bankruptcy Court.

All Executory Contracts and Unexpired Leases listed on an Assumption Notice shall be deemed assumed as of the Effective Date, subject to a contract counterparty's right to object to such assumption if such objection period extends beyond the Effective Date.  Any unresolved disputes relating to the assumption of any Executory Contract or Unexpired Lease shall be resolved by the Bankruptcy Court notwithstanding the occurrence of the Effective Date.  If a dispute remains unresolved as of the Effective Date, then (i) Cash equal to the amount of such dispute shall be reserved by the Liquidation Trustee on the Effective Date, and (ii) the Liquidation Trustee shall have the right to remove the Executory Contract or Unexpired Lease from the Assumption Notice and such Executory Contract or Unexpired Lease shall be deemed rejected.  In the event the Court denies the assumption of any Executory Contract or Unexpired Lease following the Effective Date, such Executory Contract or Unexpired Lease shall be deemed removed from the Assumption Notice and rejected.

18.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.  Subject to the procedures set forth in this Order and pursuant to sections 105, 363, 365 and 1123(b)(2) of the Bankruptcy Code, any and all Executory Contracts and Unexpired Leases not assumed by the Debtors and Post-Confirmation Debtors are hereby **REJECTED**.  The W4 Leases shall be deemed rejected, provided that (i) the Post-Confirmation Debtors and Liquidation Trust shall be permitted to continue to use and occupy the W4 Properties during the W4 Lease Term in accordance with the Settlement and any other agreements as between the Debtors and W4, and (ii) the W4 Leases may be extended beyond the W4 Lease Term on a month-to-month basis by mutual agreement of W4 and the Post-Confirmation Debtors or Liquidation Trustee, as applicable.  Claims against the Debtors arising from the rejection of an Executory Contract or Unexpired Lease shall be filed on

or before thirty (30) days after the Effective Date.  If such proof of claim is not timely filed, the claimant shall be forever barred from asserting a claim against the Debtors for such rejection damages.

19.    <u>Professional Compensation</u>.  All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to Confirmation must be filed no later than 60 days after the Effective Date.  Upon approval by the Court, Allowed Professional Fee Claims shall be paid by the Liquidation Trustee in Cash in accordance with the Plan.  To the extent Cash is insufficient to satisfy the amount of Professional Fee Claims, such Professionals shall have an Allowed Administrative Claim for any deficiency.

20.    <u>Compliance With Tax Requirements</u>.

a.   In connection with the Plan, to the extent applicable, the Debtors, the Post-Confirmation Debtors, the Liquidation Trustee, and any applicable withholding agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to the Plan shall be subject to such withholding and reporting requirements.  The Liquidating Trustee is authorized to file all tax returns on behalf of the Debtors and Liquidation Trust as required by applicable law and by 28 U.S.C. §§ 959(b) and 960.  Any setoff rights available under section 553 of the Bankruptcy Code to any Governmental Units is hereby expressly reserved for the benefit of such governmental units.

b.   Any party entitled to receive any property as an issuance or distribution hereunder shall, upon request, deliver to the Liquidation Trustee an IRS Form W-9 or, if the payee is a foreign entity, an applicable ISR Form W-8.  If such

request is not complied with within 120 days after the request is made, the amount of such distribution shall irrevocably revert to the Liquidation Trust and any Claim or Interest in respect of such distribution shall be discharged and forever barred from assertion against the Debtors and Liquidation Trust.

21.    <u>Fees Under 28 U.S.C. § 1930</u>.  All fees payable under 28 U.S.C. § 1930 shall be paid by the Debtors, Post-Confirmation Debtors, or as applicable by the Liquidating Trustee, until such time as the Debtors' Chapter 11 Cases are closed or dismissed.  All parties reserve all rights, remedies, claims, and defenses regarding post-confirmation reporting and the calculation and payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6), and nothing in the Plan, this Order, or any prior order of this Court shall be used in any way to impair, nor be deemed a waiver or determination of, any such rights, remedies, claims, and defenses.

22.    <u>Administrative Claims Bar Date</u>.  Except as otherwise provided herein or in the Plan, all requests for payment of Administrative Claims must be filed with the Bankruptcy Court and served on the Post-Confirmation and/or Liquidation Trustee by the Administrative Claims Bar Date, which shall be 30 days after the Effective Date of the Plan.  Holders of Administrative Claims that are required to, but do not, file and request payment of such Administrative Claim(s) by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtors, the Liquidation Trust, or their property and such Administrative Claims shall be deemed disallowed in full as of the Effective Date.

23.    <u>Section 1146 Exemption</u>.  To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers (whether from a Debtors to the Post-Confirmation Debtors, the Liquidation Trust, or to any other Person) of property under the Plan, if applicable, or pursuant to: (i) the issuance, reinstatement, distribution, transfer, or exchange of any debt, or other Interest in

the Debtors or the Post-Confirmation Debtors; (ii) any sale of Assets pursuant to the Sale Process; (iii) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (iv) the making, assignment, or recording of any lease or sublease; (v) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Sale Process and Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

24.    Post-Confirmation Reports.  After the Effective Date, neither the Debtors, the Post-Confirmation Debtors, nor the Liquidation Trustee shall have any obligation to file with the Court, or serve on any parties, reports that the Debtors were obligated to file under the Bankruptcy Code or a Court order during the pendency of these Chapter 11 Cases, including monthly operating

reports, ordinary course professional reports, and monthly or quarterly reports for Professionals; *provided, however,* that (i) the Debtors shall cause to be filed all monthly operating reports outstanding as of the Confirmation Date within fourteen days following entry of this Order, and (ii) the Liquidation Trustee and the Debtors (to the extent such Chapter 11 Cases have not been closed) shall comply with the U.S. Trustee's quarterly reporting requirements until the earliest of the Debtors' Chapter 11 Cases are closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

25. <u>Dissolution of Creditors' Committee</u>. On the Effective Date and except as provided herein, the Committee shall dissolve automatically, and the members thereof (solely in their capacities as Creditors' Committee members) shall be released, exculpated and discharged from all their duties relating to the Chapter 11 Cases. The Committee may continue to exist after the Effective Date, and its Professionals shall continue to be retained and entitled to reasonable compensation, solely with respect to: (i) the preparation and prosecution of any final fee applications of the Committee's Court approved Professionals and (ii) all final fee applications filed with the Bankruptcy Court.

26. <u>Oversight Committee</u>. On the Effective Date, the Oversight Committee comprised of five members as determined by the Plan Proponents shall be established. Any members of the Committee who are not members of the Oversight Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to and arising from their service as members of the Committee relating to and arising from their service as members of the Committee. The Oversight Committee shall have duties and responsibilities as set forth in the Plan and in the Liquidation Trust Agreement. Such duties and responsibilities include oversight of the Liquidation Trustee following the Effective Date.

27.    <u>Exculpation</u>.  Subject to the terms of this Order, effective upon the Effective Date, the Exculpation and limitation of liability provisions as specifically provided in Section 10.01 of the Plan are hereby approved in their entirety and authorized as fair, equitable, reasonable and in the best interests of the Debtors, their Estates, and their creditors.

28.    <u>Injunction</u>.  The injunction provisions contained in Section 10.02 of the Plan are hereby revised and replaced with the following:

> Except as otherwise provided in the Plan, on and after the Effective Date and until fourteen days following entry of a final decree closing the last remaining of the Debtors' Chapter 11 Cases, all Persons who have held, hold or may hold or assert Claims or Liens against the Debtors or their property arising prior to the Effective Date, or Interests in the Debtors, are, with respect to any such Claims, Liens, or Interests, enjoined from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Liquidation Trustee, any of their property including without limitation the Assets, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtors, the Liquidation Trustee, any of their property, including without limitation the Assets, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against the Debtors, the Liquidation Trustee, any of their property, including without limitation the Assets, or against any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors or the Liquidation Trustee; (d) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Nothing contained in this Section shall affect the rights of a Holder of an Allowed Claim or Interest to receive and enforce Distributions on account of its Allowed Claim or Interest in accordance with the Plan or to enforce the provisions of the Plan, or shall effect the release or discharge of any Designated Lien.

In addition to the foregoing, the second paragraph of Section 10.02 shall be deemed deleted, removed and expunged in its entirety.[3]

29.    <u>Notice of Effective Date</u>.    Pursuant to Bankruptcy Rule 3020(c), the Plan Proponents shall file and serve the Effective Date Notice, which shall describe the occurrence of the Effective Date and any bar dates established by the Plan and this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on all creditors and parties in interest within five business days of the entry of this Confirmation Order, and shall file proof of service.

30.    <u>Final Approval of Cash Collateral Motion</u>.    The *Debtors' First-Day Motion for Interim and Final Orders Authorizing Use of Cash Collateral* [ECF No. 6] is hereby granted and approved on a final basis.  The Debtors may continue to use Cash Collateral through and including the earlier of (i) the Effective Date and (ii) January 31, 2025 (the "<u>Cash Collateral Period</u>"), solely in accordance with a budget which shall be acceptable to the Lenders and filed on the docket of these Chapter 11 Cases.  Upon the expiration of the Cash Collateral Period, the Challenge Period with respect to the Debtor Stipulations contained in the Cash Collateral Orders shall expire.  Except to the extent inconsistent with this Order, the provisions, rights, and obligations set forth in all prior Cash Collateral Orders shall be incorporated into this Order and shall survive the Confirmation of the Plan.

31.    <u>Retention of Jurisdiction</u>.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain jurisdiction to the fullest extent permitted by law to interpret and enforce the provisions of the Plan, this Order, and all other matters as set forth in the Plan.

---

[3]    For the avoidance of doubt, the second paragraph of Section 10.02 being expunged provides as follows:

"Any claim or action asserted against the Liquidation Trustee or his professionals or contractors, to the extent not enjoined by the foregoing provision, must be brought in the Bankruptcy Court, and no other court shall have jurisdiction to hear any such claim or action."

32.    <u>No Discharge</u>.   Given that substantially all of the Debtors' assets are being liquidated pursuant to the Plan, there will be no discharge entered as provided in section 1141(d)(3) of the Bankruptcy Code.

33.    <u>No Stay of Order</u>.  This Order is a final order and shall be effective and enforceable immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 3020(e) or otherwise.  The provisions of this Order approving the Disclosure Statement, and the Plan, shall be effective and enforceable immediately upon the entry of this Confirmation Order and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062 or otherwise.

**SO ORDERED.**

Charles R. Merrill
United States Bankruptcy Judge

Dated: January 10, 2025

Tendered By:

*/s/ April Wimberg*

James R. Irving
April A. Wimberg
Ashley A. Brown
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Phone: (502) 587-3606
Email: james.irving@dentons.com
        april.wimberg@dentons.com
        ashley.brown@dentons.com

*Counsel to the Committee*

*/s/ Mark S. Indelicato*

Mark S. Indelicato
Jacob T. Schwartz
THOMPSON COBURN LLP
488 Madison Avenue
New York, NY 10022
Email:mindelicato@thompsoncoburn.com
        jtschwartz@thompsoncoburn.com
and

Taft A. McKinstry
FOWLER BELL PLLC
300 West Vine Street, Suite 600
Lexington, KY 40507
Email: tmckinstry@fowlerlaw.com

*Counsel for Webster Business Credit*